Manny Starr (319778)
manny@frontierlawcenter.com
Joseph A. Gross (332258)
joseph@frontierlawcenter.com
**FRONTIER LAW CENTER**
23901 Calabasas Road, Suite 1084
Calabasas, CA 91302
Tel: (818) 914-3433
Fax: (818) 914-3433

Attorneys for Plaintiff
DARRIN MEINSTER

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRIN MEINTSER, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>T-MOBILE USA, INC., a Washington Corporation doing business in California; CONTANZA THOMPSON, an individual, and DOES 1-100, inclusive,<br><br>Defendants. | CASE NO. **2:23-cv-02562-TLN-CKD**<br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES:**<br><br>1. Religious Discrimination (Gov. Code §2940(a);<br>2. Failure to Accommodate (Gov. Code §12940(m);<br>3. Failure to Engage in the Interactive Process (Gov. Code §12940(n);<br>4. Hostile Work Environment (Gov. Code §12940(j));<br>5. Retaliation in Violation of FEHA (Gov. Code §12940(h); and<br>6. Negligent Infliction of Emotional Distress<br><br>**DEMAND FOR JURY TRIAL** |

**PRELIMINARY ALLEGATIONS**

1. Plaintiff DARRIN MEINTSER ("Plaintiff") is an individual residing in the State of California, County of El Dorado.

2. Defendant T-Mobile USA, Inc., ("Defendant") is a Washington Corporation, doing business in the State of California, County of Sacramento.

3. The true names and capacities of the defendants named herein as Does 1 through 100, inclusive, whether individual, corporate, associate, or otherwise, are unknown to Plaintiff, who therefore sues such defendants by fictitious names pursuant to Code of Civil Procedure section 474. Plaintiff is informed and believes, and based thereon alleges, that each of the fictitiously named defendants is responsible in the manner set forth herein, or some other manner, for the occurrences alleged herein, and that the damages as alleged herein were proximately caused by their conduct. Plaintiff will amend this complaint to show the true names and capacities of each of the fictitiously named defendants when such names and capacities have been determined.

4. Hereinafter in the Complaint, unless otherwise specified, reference to a Defendant or Defendants shall refer to all Defendants, and each of them.

5. At all times relevant, Defendants, directly or indirectly, were the employers and/or joint employers of Plaintiff.

6. At all times relevant, Defendants jointly determined, shared, or allocated the power to direct, control, or supervise Plaintiff through direct and/or indirect means.

7. At all times relevant, Defendants jointly controlled all aspects of Plaintiff's work duties, set her pay, and determined her schedule.

8. At all times relevant, Defendants formally and/or as a matter of practice, jointly determined, shared, or allocated the power to – directly or indirectly – hire or terminate Plaintiff, or to modify the terms of, or conditions of, her employment.

9. At all times relevant, Defendants jointly reaped benefits from the unlawful employment practices alleged herein.

10. Plaintiff was employed by Defendants as a Senior Account Executive, Government Sales from October 2013 through the present.

11. Throughout his employment with Defendants, Plaintiff worked remotely from his home office in Cool, California.

12. Plaintiff performed his job duties competently and was a top sales producer for Defendants.

13. In September 2021, Defendants announced a mandatory COVID-19 vaccination policy requiring all employees to be fully vaccinated against COVID-19 in order to return to working in Defendants' offices.

14. On September 21, 2021, Plaintiff submitted a written request to Defendants for a religious accommodation and exemption from the mandatory vaccination policy.

15. In his written request, Plaintiff explained that receiving any of the available COVID-19 vaccinations would violate his sincerely held religious beliefs. Plaintiff provided details on his religious objections to the vaccines.

16. Plaintiff received an email confirmation stating that his religious accommodation request had been received by Defendants.

17. While Plaintiff maintains that Defendants are aware of his specific religious beliefs, because he provide them with it and they acknowledged receiving it, Plaintiff's specific religious beliefs include opposition to the use of fetal cells in the testing, and development, of the COVID-19 vaccines.

18. However, Defendants failed to provide Plaintiff with any substantive response either approving or denying his request for religious accommodation.

19. Over the next several months, Plaintiff made multiple follow-up inquiries regarding the status of his accommodation request to his direct manager, sales director, vice president, and Defendants' human resources department. Defendants did not respond to any of Plaintiff's inquiries.

20. Defendants failed to engage in any interactive process with Plaintiff or have any discussion regarding potential accommodations that would allow him to continue working while practicing his sincerely held religious beliefs.

21. On January 22, 2022, Defendants notified employees they must be fully vaccinated against COVID-19 by February 15, 2022 in order to return to company offices, or they would be placed on unpaid leave.

22. Plaintiff asked his manager, director and HR multiple times via email about the status of his still-pending religious accommodation request, but received no response.

23. On February 15, 2022, Defendants placed Plaintiff on indefinite unpaid leave solely due to his lack of COVID-19 vaccination and failure to comply with Defendants' vaccine mandate.

24. At the time Plaintiff was placed on unpaid leave, Defendants had still not provided any response approving or denying his accommodation request, which had been pending for nearly 5 months.

25. While on unpaid leave, Plaintiff was expected by Defendants management to continue performing work duties remotely in order to receive credit for sales he had made prior to being placed on leave.

26. On April 1, 2022, rather than granting Plaintiff's accommodation request or exploring alternative remote work arrangements, Defendants offered Plaintiff a demotion to a non-sales operations role with a significantly lower salary and reduced benefits compared to his prior sales position.

27. In Plaintiff's new demoted role, his job title was changed to Senior Program Manager, his job code was changed, and his base salary was reduced to approximately $130,000 per year, compared to total compensation of $500,000 to $700,000 per year including sales commissions in his prior Senior Account Executive role.

28. Defendants refused to allow Plaintiff to continue performing his original sales duties, which he was fully able to complete remotely from his home office where he had worked for nearly a decade.

29. Defendants transferred Plaintiff's sales territory and customer relationships developed over many years to newly hired sales representatives.

30. On March 4, 2022, while Plaintiff was still officially employed by Defendants but on unpaid leave, Defendants suddenly suspended Plaintiff's access to all company computer systems and accounts without any notice. This prevented Plaintiff from communicating with his clients and colleagues.

31. Defendants failed to engage in any interactive process or offer reasonable accommodations that would have allowed Plaintiff, a top sales producer, to maintain his original position and duties while practicing his sincerely held religious beliefs.

32. As a result of Defendants' discriminatory actions, Plaintiff suffered substantial economic damages from lost wages and benefits, as well as non-economic damages including humiliation, mental anguish, and emotional distress.

**33.** Defendants refusal to provide a simple accommodation based Plaintiff's sincerely held religious beliefs, regarding the use of fetal cells in the testing, or development, of the COVID-19 vaccine, was motivated by their hostility to Plaintiff's beliefs; accommodating Plaintiff would not have caused Defendants undue hardship, and this conclusion is the answer to the question those facts beg.

**PLAINTIFF HAS EXHAUSTED THEIR ADMINISTRATIVE REMEDIES**

34. On July 21, 2023, Plaintiff submitted a charge of discrimination with the California Civil Rights Department ("CCRD") and obtained an immediate right-to-sue.

**FIRST CAUSE OF ACTION**

**RELIGIOUS DISCRIMINATION (Gov. Code. 12940(a))**

**By Plaintiff Against All Defendants**

34. Plaintiff re-alleges and incorporates herein by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

35. At all relevant times, Defendant was an employer covered by Government Code section 12940(a), which prohibits employers from discriminating against any individual because of their religious creed.

36. Plaintiff was an employee of Defendant.

37. Plaintiff has sincerely held religious beliefs that preclude him from taking any COVID-19 vaccinations, as detailed in his written request for religious accommodation submitted to Defendant.

38. Thus, Plaintiff is a member of a protected class under FEHA based on his religious creed.

39. Plaintiff was qualified to perform the essential functions of his Senior Account Executive sales position, as demonstrated by his nine years of successful work in that role.

40. Defendant subjected Plaintiff to adverse employment actions, including unpaid leave, removal of access to work systems, demotion to a lower paying position, and inability to earn sales commissions over $500,000 annually.

41. Defendant's actions occurred after and because of Plaintiff's request for religious accommodation from the COVID-19 vaccination policy.

42. The circumstances, including Defendant's failure to respond to the accommodation request and offer alternative remote work arrangements, suggest Defendant's conduct was motivated by discriminatory animus based on religion.

43. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered economic damages, including lost wages and benefits, as well as emotional distress damages, in an amount to be proven at trial.

44. Plaintiff is entitled to compensatory damages, punitive damages, injunctive relief, and reasonable attorneys' fees and costs.

45. Therefore, Defendant violated Government Code section 12940(a) by discriminating against Plaintiff because of his religious creed.

## SECOND CAUSE OF ACTION

## FAILURE TO ACCOMMODATE (Gov. Code § 12940(m))

## By Plaintiff Against All Defendants

46. Plaintiff re-alleges and incorporates herein by reference all prior paragraphs of this Complaint as though fully set forth herein.

47. At all relevant times, Plaintiff was an employee of Defendant covered by the protections of the Fair Employment and Housing Act ("FEHA").

48. Plaintiff has a sincerely held religious belief opposing reception of any of the available COVID-19 vaccinations. This religious creed is protected under FEHA.

49. Defendant was aware of Plaintiff's protected religious creed through his written request for an accommodation from Defendant's mandatory COVID-19 vaccination policy for employees.

50. Plaintiff was at all times qualified and able to perform the essential functions of his job as a remote Senior Government Account Manager, as demonstrated by his nine years of successful remote work for Defendant.

51. Defendant failed to grant Plaintiff's request for accommodation and failed to engage in any good faith interactive process to determine an effective accommodation, as required under FEHA.

52. Instead, Defendant forced Plaintiff to take an unpaid leave of absence and ultimately accept a demotion to an inferior position carrying substantially reduced pay and benefits.

53. Defendant's failure to accommodate Plaintiff's religious creed was a substantial factor in causing Plaintiff's economic and non-economic injuries.

54. As a result of Defendant's unlawful conduct, Plaintiff is entitled to economic damages, including past and future lost wages and benefits, and non-economic damages for his humiliation, mental anguish, and emotional distress, in an amount to be proven at trial. Plaintiff is also entitled to an award of reasonable attorneys' fees and costs.

## THIRD CAUSE OF ACTION

## FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS (Gov. Code § 12940(n))

## By Plaintiff Against All Defendants

55. Plaintiff re-alleges and incorporates herein by reference all prior paragraphs of this Complaint as though fully set forth herein.

56. At all relevant times, Plaintiff was an employee of Defendant covered by the protections of the Fair Employment and Housing Act ("FEHA").

57. Plaintiff has a sincerely held religious belief opposing reception of any of the available COVID-19 vaccinations. This religious creed is protected under FEHA.

58. Defendant was aware of Plaintiff's protected religious creed through his written request for an accommodation from Defendant's mandatory COVID-19 vaccination policy for employees.

59. Defendant failed to engage in a timely, good faith interactive process with Plaintiff to determine effective reasonable accommodations for Plaintiff's religious creed, in violation of Government Code section 12940(n).

60. Specifically, Defendant wholly ignored Plaintiff's accommodation request and follow-up communications, and never provided any substantive response approving or denying the accommodation request.

61. As a result of Defendant's refusal to engage in the interactive process, Plaintiff was denied a reasonable accommodation for his religious creed and suffered adverse employment actions, including placement on unpaid leave and a demotion to an inferior position.

62. Plaintiff's economic and non-economic injuries were a direct result of Defendant's unlawful conduct.

63. As a result of Defendant's unlawful conduct, Plaintiff is entitled to economic damages, including past and future lost wages and benefits, and non-economic damages

for his humiliation, mental anguish, and emotional distress, in an amount to be proven at trial. Plaintiff is also entitled to an award of reasonable attorneys' fees and costs.

### FOURTH CAUSE OF ACTION
### HOSTILE WORK ENVIRONMENT (Gov. Code § 12940(j))
### By Plaintiff Against All Defendants

64. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs as though fully set forth herein.

65. At all relevant times, Plaintiff was employed by Defendants and was a member of a protected class within the meaning of Government Code § 12940(a) based on his religious beliefs.

66. During Plaintiff's employment, Defendants engaged in discriminatory conduct against Plaintiff because of his religious beliefs by implementing a mandatory COVID-19 vaccination policy and denying Plaintiff's request for a religious exemption without engaging in any good faith interactive process or providing a reasonable accommodation.

67. Defendants' conduct was severe or pervasive harassment of Plaintiff based on his religious beliefs. This unwelcome conduct altered the conditions of Plaintiff's employment by resulting in his placement on unpaid leave and eventual demotion.

68. A reasonable person in Plaintiff's circumstances would consider Defendants' conduct and the resulting changes to Plaintiff's employment conditions to be hostile.

69. As a direct and proximate result of Defendants' harassing discriminatory conduct in violation of Government Code § 12940(j), Plaintiff has suffered economic damages including but not limited to past and future loss of earnings and other employment benefits.

70. As a further direct and proximate result of Defendants' wrongful actions, Plaintiff has suffered humiliation, emotional distress, and mental pain and anguish, all to his damage in an amount to be established according to proof.

### FIFTH CAUSE OF ACTION

**RETALIATION IN VIOLATION OF FEHA (Gov. Code. 12940(h))**

**By Plaintiff Against All Defendants**

64. Plaintiff realleges and incorporates herein by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

65. Plaintiff engaged in protected activity by submitting a request for a religious exemption and accommodation from Defendant's mandatory COVID-19 vaccination policy in September 2021.

66. Plaintiff suffered multiple adverse employment actions following his protected activity, including but not limited to, being placed on unpaid leave on February 15, 2022, having his electronic systems access terminated in early March 2022, being demoted from his Senior Government Account Manager position to a Senior Program Manager position on April 1, 2022, and suffering reduced pay, benefits, responsibilities, and opportunities for advancement in the new role.

67. Plaintiff's protected activity was a substantial motivating reason for Defendant's adverse employment actions against him.

68. As a direct, foreseeable, and proximate result of Defendant's adverse employment actions against Plaintiff, Plaintiff has suffered and continues to suffer substantial losses in earnings, job benefits, job assignments, and other employment opportunities, along with humiliation, embarrassment, and mental and emotional distress, all to Plaintiff's damage in an amount to be proven at trial.

69. Defendant's conduct was a substantial factor in causing Plaintiff's harm.

70. Plaintiff is therefore entitled to his reasonable attorneys' fees and costs of suit.

**SIXTH CAUSE OF ACTION**

**WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY**

**By Plaintiff Against All Defendants**

71. Plaintiff re-alleges and incorporates by reference the allegations in all prior paragraphs.

- 10 -
COMPLAINT FOR DAMAGES

72. Defendants had an employer-employee relationship with Plaintiff.

73. Plaintiff engaged in protected activity by requesting religious accommodation from the vaccine mandate, which implicates the fundamental public policy of freedom of religion.

74. Defendants subjected Plaintiff to adverse employment actions by placing him on unpaid leave, suspending his system access, demoting him to an operations role with reduced compensation, and preventing him from returning to his prior sales role.

75. Plaintiff's protected activity was a substantial motivating factor in Defendants' decisions to take these adverse actions.

76. As a result of Defendants' unlawful conduct, Plaintiff has suffered economic damages including past and future lost wages and benefits, and non-economic damages including humiliation, embarrassment, and emotional distress, the exact amounts of which will be proven at trial.

77. Defendants committed the acts alleged herein maliciously, fraudulently, and oppressively, with the wrongful intention of injuring Plaintiff, and acted with an improper and evil motive amounting to malice. Accordingly, Plaintiff is entitled to recover punitive damages from Defendants in an amount according to proof.

## SEVENTH CAUSE OF ACTION

### Negligent Infliction of Emotional Distress

### By Plaintiff Against All Defendants

78. Plaintiff incorporates by reference the paragraphs above.

79. When the Defendants, and the each of them, committed the acts described above, they knew, or should have known, that their failure to exercise due care in the performance of their role as employer, manager, supervisor would cause Plaintiff to suffer emotional distress. The Defendants knew or should have known that their conduct under the alleged circumstances would cause Plaintiff severe emotional distress.

80. The above-said wrongful and discriminatory acts of the Defendants, and each

1 of them, constituted negligent infliction of emotional distress against Plaintiff and
2 such conduct of the Defendants was a substantial or determining factor in causing
3 damage and injury to Plaintiff.
4 81. As a result of Defendants' negligent infliction of emotional distress, Plaintiff
5 has suffered and continues to suffer substantial loss and damages including, loss of
6 salary, future advancement, bonuses, commissions, benefits, embarrassment,
7 humiliation, and mental anguish in an amount to be determined at trial.
8 82. The Defendants, and each of them, committed said negligent infliction of
9 emotional distress alleged herein against Plaintiff, maliciously, fraudulently, and
10 oppressively with the wrongful intent of injuring Plaintiff for an improper and evil
11 motive which constitutes a malicious and conscious disregard of Plaintiff's rights.
12 Plaintiff is thereby entitled to punitive damages from the Defendants in an amount to
13 be determined at trial.

26 ///
27 ///
28 ///

**PRAYER FOR RELIEF**

1. Wherefore, Plaintiff prays for relief against Defendants as follows:
2. For economic, non-economic, general and compensatory damages, including but not limited to lost wages and employment benefits and other special damages according to proof;
3. For mental and emotional distress damages;
4. For punitive and exemplary damages;
5. For an award of interest, including prejudgment interest, at the legal rate;
6. For equitable remedies including injunctive and declaratory relief;
7. For interest accrued to date;
8. For attorney fees and costs, including expert witness fees, pursuant to California Government Code section 12965(b), and all other applicable laws; and
9. For such other and further relief that the Court may deem just and proper.

///

DATED: December 12, 2023         **FRONTIER LAW CENTER**


By: *Joseph Gross*
Joseph A. Gross, Esq.
Attorney for Plaintiff
Darrin Meintser