1

2

3

4

5

6                          UNITED STATES DISTRICT COURT

7                          EASTERN DISTRICT OF CALIFORNIA

8

9

10    DARRIN MEINTSER,                          No. 2:23-cv-02562-TLN-CKD

11                 Plaintiff,

12          v.                                  **ORDER**

13    T-MOBILE USA, INC., CONTANZA
      THOMPSON, and DOES 1–100, inclusive,
14
                   Defendants.
15

16

17

18          This matter is before the Court on Defendants T-Mobile USA, Inc. ("T-Mobile") and

19   Costanza Thompson's (collectively, "Defendants") Motion to Dismiss.  (ECF No. 11.)  Plaintiff

20   Darrin Meinster ("Plaintiff") filed an opposition.[1]  (ECF No. 14.)  Defendants filed a reply.  (ECF

21   No. 16.)  For the reasons set forth below, the Court GRANTS in part and DENIES in part

22   Defendants' motion.

23   ///

24   ///

25   ///

26

27   ─────────────────────

28   [1]       The Court will also consider Plaintiff's Request for Judicial Notice and Incorporation by
     Reference (ECF No. 15) with his opposition.

                                                   1

1   **I.    FACTUAL AND PROCEDURAL BACKGROUND**

2   This case concerns alleged employment discrimination that Plaintiff experienced after

3   refusing to be vaccinated for COVID-19.  Specifically, Plaintiff began working for T-Mobile in

4   2013 as a Senior Account Executive in government telecommunications sales. (ECF No. 8. at 3.)

5   In September 2021, T-Mobile announced a mandatory COVID-19 vaccination policy for its

6   employees. (*Id*.)  Later that month, Plaintiff submitted a written request to be exempted from the

7   mandatory vaccination policy to Defendants, citing his religious opposition to receiving the

8   COVID-19 vaccine.  (*Id*.)  However, for the next several months Plaintiff did not receive a

9   response to his request.  (*Id*.)

10   On January 22, 2022, T-Mobile notified its employees that they must receive the COVID-

11   19 vaccine by February 15, 2022, otherwise they would be placed on unpaid administrative leave.

12   (*Id*. at 4.)  Plaintiff chose not to receive the COVID-19 vaccine by February 15, 2022, and thus

13   failed to comply with T-Mobile's mandatory vaccination policy.  (*Id*.)  As a result, Defendants

14   placed Plaintiff on indefinite unpaid administrative leave without responding to his religious

15   accommodation request.  (*Id*.)

16   Defendants then cut off Plaintiff's access to certain internal computer systems and

17   demoted Plaintiff to a non-sales operations role on April 1, 2022.  (*Id*. at 4.)  The role's title was

18   Senior Program Manager and involved a significant decrease in annual salary, benefits,

19   responsibilities, and opportunities for advancement.[2]  (*Id*. at 5.)

20   Plaintiff initiated this action against Defendants in California Superior Court in El Dorado

21   County on September 20, 2023.  (ECF No. 1 at 2.)  On November 3, 2023, Defendants removed

22   this action to this Court.  (*Id*.)  On December 19, 2023, Plaintiff filed the operative First Amended

23   Complaint ("FAC"), alleging the following seven causes of action: (1) religious discrimination in

24   violation of California Government Code § 12940(a); (2) religious discrimination-failure to

25   accommodate in violation of California Government Code §12940(m);  (3) failure to engage in

26   the interactive process in violation of California Government Code § 12940(n); (4) hostile work

27

28   [2]    It is unclear from the FAC whether Plaintiff is still employed with T-Mobile.

1    environment in violation of California Government Code § 12940(j);  (5) retaliation in violation

2    of California Government Code § 12940(h); (6) wrongful termination in violation of public

3    policy; and (7) negligent infliction of emotional distress ("NIED").  (ECF No. 8.)  On January 30,

4    2024, Defendants filed the instant motion to dismiss.  (ECF No. 11.)

5           **II.    STANDARD OF LAW**

6           A motion to dismiss for failure to state a claim upon which relief can be granted under

7    Federal Rule of Civil Procedure ("Rule") 12(b)(6) tests the legal sufficiency of a complaint.

8    *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  Rule 8(a) requires that a pleading contain

9    "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R.

10   Civ. P. 8(a); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009).  Under notice pleading in

11   federal court, the complaint must "give the defendant fair notice of what the . . . claim is and the

12   grounds upon which it rests."  *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007) (internal

13   citation and quotations omitted).  "This simplified notice pleading standard relies on liberal

14   discovery rules and summary judgment motions to define disputed facts and issues and to dispose

15   of unmeritorious claims."  *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).

16          On a motion to dismiss, the factual allegations of the complaint must be accepted as true.

17   *Cruz v. Beto*, 405 U.S. 319, 322 (1972).  A court must give the plaintiff the benefit of every

18   reasonable inference to be drawn from the "well-pleaded" allegations of the complaint.  *Retail*

19   *Clerks Int'l Ass'n v. Schermerhorn*, 373 U.S. 746, 753 n.6 (1963).  A plaintiff need not allege

20   "'specific facts' beyond those necessary to state his claim and the grounds showing entitlement to

21   relief."  *Twombly*, 550 U.S. at 570 (internal citation omitted).

22          Nevertheless, a court "need not assume the truth of legal conclusions cast in the form of

23   factual allegations."  *U.S. ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986).

24   While Rule 8(a) does not require detailed factual allegations, "it demands more than an

25   unadorned, the defendant-unlawfully-harmed-me accusation."  *Iqbal*, 556 U.S. at 678.  A

26   pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the

27   elements of a cause of action."  *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678

28   ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory

1   statements, do not suffice.").  Thus, "[c]onclusory allegations of law and unwarranted inferences
2   are insufficient to defeat a motion to dismiss" for failure to state a claim.  *Adams v. Johnson*, 355
3   F.3d 1179, 1183 (9th Cir. 2004) (citations omitted).  Moreover, it is inappropriate to assume the
4   plaintiff "can prove facts that it has not alleged or that the defendants have violated the . . . laws
5   in ways that have not been alleged."  *Associated Gen. Contractors of Cal., Inc. v. Cal. State*
6   *Council of Carpenters*, 459 U.S. 519, 526 (1983).

7       Ultimately, a court may not dismiss a complaint in which the plaintiff has alleged "enough
8   facts to state a claim to relief that is plausible on its face."  *Twombly*, 550 U.S. at 570.  "A claim
9   has facial plausibility when the plaintiff pleads factual content that allows the court to draw the
10  reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at
11  680.  While the plausibility requirement is not akin to a probability requirement, it demands more
12  than "a sheer possibility that a defendant has acted unlawfully."  *Id.* at 678.  This plausibility
13  inquiry is "a context-specific task that requires the reviewing court to draw on its judicial
14  experience and common sense."  *Id.* at 679.  Thus, only where a plaintiff fails to "nudge [his or
15  her] claims … across the line from conceivable to plausible[,]" is the complaint properly
16  dismissed.  *Id.* at 680 (internal quotations omitted).

17      In ruling on a motion to dismiss, a court may consider only the complaint, any exhibits
18  thereto, and matters which may be judicially noticed pursuant to Federal Rule of Evidence 201.
19  *See Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988); *Isuzu Motors Ltd. v.*
20  *Consumers Union of U.S., Inc.*, 12 F. Supp. 2d 1035, 1042 (C.D. Cal. 1998); *see also Daniels-*
21  *Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010) (the court need not accept as true
22  allegations that contradict matters properly subject to judicial notice).

23      If a complaint fails to state a plausible claim, "[a] district court should grant leave to
24  amend 'even if no request to amend the pleading was made, unless it determines that the pleading
25  could not possibly be cured by the allegation of other facts.'"  *Lopez v. Smith*, 203 F.3d 1122,
26  1130 (9th Cir. 2000) (en banc) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995));
27  *see also Gardner v. Martino*, 563 F.3d 981, 990 (9th Cir. 2009) (finding no abuse of discretion in
28  denying leave to amend when amendment would be futile).  Although a district court should

4

1  freely give leave to amend when justice so requires under Rule 15(a)(2), "the court's discretion to

2  deny such leave is 'particularly broad' where the plaintiff has previously amended its complaint."

3  *Ecological Rights Found. v. Pac. Gas & Elec. Co.*, 713 F.3d 502, 520 (9th Cir. 2013) (quoting

4  *Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 622 (9th Cir. 2004)).

5        **III.   ANALYSIS**

6           A.   <u>Request for Judicial Notice and Incorporation by Reference</u>

7        Before considering Defendants' motion to dismiss, Plaintiff requests the Court take

8  judicial notice of Exhibits A and B and incorporate them by reference into the FAC.  (ECF No.

9  15.)  Specifically, Plaintiff requests that the Court take judicial notice of and incorporate by

10  reference an email (Exhibit A) and its attachment (Exhibit B) in which Plaintiff requests a

11  religious exemption from T-Mobile's COVID-19 vaccination policy.  (ECF No. 15-4 at 2.)

12        "Generally, district courts may not consider material outside the pleadings when assessing

13  the sufficiency of a complaint under Rule 12(b)(6) ...."  *Khoja v. Orexigen Therapeutics, Inc.*,

14  899 F.3d 988, 998 (9th Cir. 2018) (citing *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir.

15  2001)).  "There are two exceptions to this rule: the incorporation-by-reference doctrine, and

16  judicial notice under Federal Rule of Evidence 201."  *Id.*  In either case, allegations or facts

17  within matters that are properly judicially noticed or incorporated by reference become part of the

18  complaint itself.  *Id.* at 998–1003.

19        A court may take judicial notice of facts not subject to reasonable dispute where the facts

20  "(1) [are] generally known within the trial court's territorial jurisdiction; or (2) can be accurately

21  and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed. R.

22  Evid. 201(b).  Under this standard, courts may take judicial notice of "undisputed matters of

23  public record," but generally may not take judicial notice of "disputed facts stated in public

24  records."  *Lee*, 250 F.3d at 690 (emphasis in original).

25        Under the doctrine of incorporation by reference, the court may consider not only

26  documents attached to the complaint but also documents whose contents are alleged in the

27  complaint, provided: (1) the complaint "necessarily relies" on the documents or contents thereof;

28  (2) the document's authenticity is uncontested; (3) and the document's relevance is uncontested.

1    *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010).

2           In the instant case, Defendants object to Plaintiff's request for judicial notice and

3    incorporation by reference of Exhibits A and B.  (ECF No. 16 at 3–4.)  Specifically, Defendants

4    challenge the authenticity of Exhibits A and B, arguing there are several discrepancies between

5    the dates Plaintiff alleges he submitted his request for religious accommodation in the FAC and

6    the dates that appear on the documents included in Exhibits A and B.[3]  (*Id*.)  Moreover,

7    Defendants argue "Plaintiff has provided no evidence that the authenticity of exhibits is

8    uncontested."  (*Id*.)  The Court agrees with Defendants.  There are several inconsistencies

9    between what is alleged in Exhibit A, Exhibit B, and the FAC with regards to when Plaintiff

10   submitted his request for religious accommodation to Defendants, which raises concerns with the

11   Court about the authenticity of these documents.  Moreover, Plaintiff has not provided the Court

12   with any independent evidence that confirms when Plaintiff submitted his request to Defendants

13   or verifies the authenticity of Exhibit A and B.  In the absence of any such evidence, the Court

14   finds it cannot take judicial notice of these documents and incorporate them by reference into the

15   FAC.

16          Accordingly, the Court DENIES Plaintiff's request for judicial notice and incorporation

17   by reference.  (ECF No. 15.)

18                    B.     Motion to Dismiss

19          Defendants move to dismiss all of Plaintiff's claims under Rule 12(b)(6).  (ECF No. 11.)

20   Specifically, Defendants move to dismiss Claims One through Five because Plaintiff has not

21   sufficiently alleged a claim under the Fair Employment and Housing Act ("FEHA").  (ECF No.

22   11 at 10.)  Next, Defendants move to dismiss Plaintiff's wrongful termination claim because the

23   FAC does not allege he was ever terminated from T-Mobile.  (*Id*. at 18.)  Additionally,

24   Defendants argue the Court should dismiss Plaintiff's NIED claim because Plaintiff has only

25   _____

26   [3]     The FAC states, "[O]n September 21, 2021, Plaintiff submitted a written request to
     Defendants for a religious accommodation and exemption for the mandatory vaccination policy."
     (ECF No. 8 at 3.)  However, Exhibit A indicates Plaintiff sent his request on September 19, 2021.
27   (ECF No. 15-3 at 3.)  But then, Plaintiff's request for judicial notice states Plaintiff sent his
     request on October 29, 2021.  (ECF No. 15 at 2.)

28

1   alleged intentional conduct, not negligent conduct.  (*Id*. at 19.)  Finally, Defendants argue

2   Plaintiff is not entitled to punitive damages.  (*Id*. at 20.)  The Court will address each of

3   Defendants' arguments in turn.

4                                           *i.   FEHA*

5        Plaintiff alleges Defendants violated various aspects of FEHA by taking adverse action

6   against Plaintiff after he refused to comply with T-Mobile's COVID-19 vaccination policy, citing

7   his sincerely held religious belief opposing the use of fetal cells in vaccine development.  (ECF

8   No. 8 at 5–11.)

9        Specifically, Plaintiff raises five causes of action under FEHA stemming from these

10  events: (1) Defendants violated section 12940(a) by engaging in religious discrimination in light

11  of "Plaintiff's request for religious accommodation from [T-Mobile's] COVID-19 vaccination

12  policy;"  (2) Defendants violated section 12940(m) by failing to accommodate Plaintiff's

13  religious beliefs; (3) Defendants violated section 12940(n) by their failure to engage in the

14  interactive process "to determine effective reasonable accommodations for Plaintiff's religious

15  creed;" (4) Defendants violated section 12940(j) by creating a hostile work environment; and (5)

16  Defendants violated section 12940(h) by retaliating against Plaintiff after "submitting a request

17  for religious exemption and accommodation from Defendant's mandatory COVID-19 vaccination

18  policy."  (*Id*.)

19       FEHA prohibits employers from discriminating against people based on "religious creed"

20  amongst other protected classes of people.  Cal. Gov. Code § 12940(a).  Generally, an employer

21  may not hire, fire, or offer disparate terms of compensation, conditions, or privileges of

22  employment based on a person's religious creed, *id*. § 12940(a), "unless the employer ...

23  demonstrates that it has explored any available reasonable alternative means of accommodating

24  the religious belief or observance." *Id*. § 12940(l)(1).

25       As an initial matter, the Court finds Plaintiff has not sufficiently plead a claim for failure

26  to engage in an interactive process "to determine effective reasonable accommodation for

27  Plaintiff's religious creed."  To state a claim for failure to engage in an interactive process under

28  FEHA, a plaintiff must plead that his employer failed "to engage in a timely, good faith,

interactive process with the employee or applicant to determine effective reasonable accommodations, if any, in response to a request for reasonable accommodation by an employee or applicant with a known physical or mental disability or known medical condition." Cal. Gov. Code § 12940(n).  Plaintiff has not alleged that he suffers from a mental disability or medical condition, or cited any authority which stands for the proposition that his alleged religious beliefs constitute a mental or physical disability.  Without such allegations or authority, Plaintiff cannot state a claim for failure to engage in an interactive process under FEHA.

To sufficiently plead Plaintiff's remaining four FEHA claims, Plaintiff must allege that his beliefs concerning the use of fetal cells in developing vaccines constitute a legally protected religious belief.  In particular, "the elements of a religious creed discrimination claim are that the plaintiff had a bona fide religious belief; the employer was aware of that belief; and the belief conflicted with an employment requirement." *Friedman v. S. Cal. Permanente Med. Grp.*, 102 Cal. App. 4th 39, 45 (2002) (citation omitted).  Additionally, "to plead a prima facie case of failure to accommodate religious beliefs under … FEHA, a plaintiff must allege, among other things, that she holds 'a bona fide religious belief' that conflicts with an employment requirement." *Bolden-Hardge v. Off. of California State Controller*, 63 F.4th 1215 (9th Cir. 2023) (quoting *Friedman*, 102 Cal. App. 4th at 125).  Likewise, to prevail on a hostile work environment claim, a plaintiff must show he was subjected to verbal or physical conduct because of his protected religious beliefs. *Vasquez v. County of Los Angeles*, 349 F.3d 634, 642 (9th Cir. 2003).  Finally, to succeed on a claim for retaliation under section 12940(h), a plaintiff must show they "engaged in a 'protected activity'" in addition to the employer taking some adverse action against the plaintiff stemming from the plaintiff's engagement in the protected activity.  *Yanowitz v. L'Oreal USA, Inc*., 36 Cal. 4th 1028, 1042 (2005).

Defendants move to dismiss Plaintiff's remaining four FEHA claims because Plaintiff fails to sufficiently allege that his beliefs concerning the use of fetal cells in developing vaccines constitute a legally protected religious belief under FEHA.  (ECF No. 11 at 10–13.)  In his opposition, Plaintiff argues the Court should deny Defendants' motion because he has sufficiently alleged a prima facie case of religious discrimination and the burden is now on

8

1   Defendants to show they acted without a discriminatory purpose.  (ECF No. 14 at 6–9 (citing

2   *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 793 (1973).)

3         While it is true that courts apply the burden-shifting framework set forth in *McDonnell*

4   *Douglas Corp.* to evaluate circumstantial evidence of discrimination in the workplace, courts do

5   so at the summary judgment stage—not the motion to dismiss stage.  *See, e.g., Steckl v.*

6   *Motorola, Inc.*, 703 F.2d 392, 393 (9th Cir. 1983*); Loggins v. Kaiser Permanente Internat.*, 60

7   Cal. Rptr. 3d 45 (Cal. App. 4th Dist. 2007).  Indeed, the task before the Court now is to

8   determine whether Plaintiff has sufficiently alleged that Defendants violated his rights under

9   FEHA due to his sincerely held religious beliefs.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678

10  (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter,

11  accepted as true, to 'state a claim to relief that is plausible on its face.'") (quoting *Bell Atlantic*

12  *Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Defendants argue Plaintiff has not sufficiently

13  alleged his FEHA claims because the "FAC only vaguely references a religious belief that forms

14  the basis of his claims but does not articulate that belief … or how the use of fetal cell testing

15  patently conflicts with an undefined religion."  (ECF No. 11 at 10.)  The Court agrees with

16  Defendants.

17        "Religious creed" under FEHA is defined to "include[] any traditionally recognized

18  religion as well as beliefs, observances, or practices, which an individual sincerely holds and

19  which occupy in his or her life a place of importance parallel to that of traditionally recognized

20  religions."  Cal. Code Regs. tit. 2, § 11060.  The currently recognized "best way to assess

21  whether a FEHA claimant's 'beliefs, observances, or practices'" constitute a legally protected

22  "religious creed" is to objectively analyze whether: (1) the beliefs "address[ ] fundamental and

23  ultimate questions having to do with deep and imponderable matters;" (2) the beliefs are

24  "comprehensive in nature; ... consist[ing] of a belief-system as opposed to an isolated teaching;"

25  and (3) the beliefs "can be recognized by the presence of certain formal and external signs."

26  *Friedman*, 102 Cal. App. 4th at 69 (quoting *Africa v. Pennsylvania*, 662 F.2d 1025, 1032 (3rd

27  Cir. 1981)). The Court does not question whether Plaintiff's beliefs are sincerely held, "it is

28  presumed as a matter of law that they are."  *Id.*

Courts have found that "fundamental and ultimate questions having to do with deep and imponderable matters" might include "the meaning of human existence; the purpose of life; theories of humankind's nature or its place in the universe; matters of human life and death; or the exercise of faith." *Id*. at 70; *see also Africa*, 662 F.2d at 1033 (listing topics of "life and death, right and wrong, and good and evil" under "fundamental and ultimate questions" category). A belief may be so "comprehensive in nature" as to constitute a religion if, for example, the "belief system derives from a power or being or faith to which all else is subordinate or upon which all else depends." *Friedman*, 102 Cal. App. 4th at 70; *accord United States v. Seeger*, 380 U.S. 163, 177 (1965). And "external signs of religion" would include "teachers or leaders; services or ceremonies; structure or organization; orders of worship or articles of faith; or holidays." *Friedman*, 102 Cal. App. 4th at 70; *accord Alvarado v. City of San Jose*, 94 F.3d 1223, 1229 (9th Cir. 1996). The "[f]lexible application" of these objective guidelines enables "courts and administrative agencies to make the sometimes subtle distinction between a religion and a secular belief system." *Friedman*, 102 Cal. 4th at 69.

In the instant case, there is nothing to suggest that Plaintiff's beliefs which precluded him from receiving a COVID-19 vaccine constitute a "religious creed" subject to FEHA's protections. While Plaintiff's opposition to the use of fetal cells in the development and testing of vaccines could broadly be interpreted to contemplate matters of life and death, there is no suggestion from Plaintiff's allegations that these alleged beliefs can be tied to a larger and more comprehensive belief system. Instead, as pleaded, Plaintiff's beliefs are confined to a single isolated teaching regarding the sanctity of fetal cells. (*See* ECF No. 8 at 3.) However, "a religion is not generally confined to one question or one moral teaching—it has a broader scope. It lays claim to an ultimate and comprehensive 'truth.'" *Friedman*, 102 Cal. App 4th at 60 (quoting *Malnak v. Yogi*, 592 F.2d 197, 209). Moreover, Plaintiff's beliefs on their face do not include the presence of formal and external signs of religion upon which they could be recognized. *Id*. at 70. While the Court does not question the sincerity of Plaintiff's beliefs, the Court finds his beliefs "reflect[] a moral and secular, rather than religious, philosophy." *Id*. ///

Indeed, district courts across the Ninth Circuit have found that beliefs like Plaintiff's do not constitute a "religious creed" under FEHA.  *See Bordeaux v. Lions Gate Ent.*, Inc., No. 222CV04244SVWPLA, 2022 WL 19076668, at *11–12 (C.D. Cal. Dec. 28, 2022) (finding plaintiff's beliefs which prevent her from partaking in any products or medication that contain aborted fetal cells did not encompass a systematic series of answers to fundamental and ultimate question); *Borrello*, No. 23-CV-580-GPC-WVG, 2023 WL 5986135, at *10–11. (finding a plaintiff with a "fearful belief that receiving any COVID-19 vaccine could adversely affect [his] condition of excellent health ... neither argues nor alleges that his belief system at issue is comprehensive in nature, that it ponders any fundamental or ultimate questions, or has any external signs upon which it can be recognized"); *Arredondo-Chavez v. Mission Square Ret.*, No. 1:23-CV-00044-MCE-DB, 2023 WL 6929533, at *4 (E.D. Cal. Oct. 19, 2023) (finding plaintiff's conclusory allegations that her sincerely held religious beliefs prevented her from receiving a COVID-19 vaccine were not religious in nature); *see also Glasner v. Avalon Bay Communities, Inc.*, No. 223CV10132, 2024 WL 1600644 (C.D. Cal. Mar. 15, 2024).  The Court sees no basis to depart with the reasoning of these courts, and therefore finds Plaintiff's beliefs regarding the use of fetal cells in vaccines do not constitute a "religious creed" under FEHA as presently alleged.

Accordingly, the Court GRANTS Defendants' motion to dismiss Claims One through Five.  However, Plaintiff will be given an opportunity to amend based on the liberal standard in favor of granting leave to amend.  *See Moss v. U.S. Secret Serv.*, 572 F.3d 962, 972 (9th Cir. 2009) ("Courts are free to grant a party leave to amend whenever justice so requires, and request for leave should be granted with extreme liberality.").

*ii.   Wrongful Termination in Violation of Public Policy*

In Claim Six, Plaintiff alleges Defendants subjected him to adverse employment actions because he requested a "religious accommodation from the vaccine mandate, which implicates the fundamental public policy of freedom of religion."  (ECF No. 8 at 11.)  Defendants move to dismiss Plaintiff's claim for wrongful termination in violation of public policy because Plaintiff's FAC does not allege that he was ever terminated.  (ECF No. 11 at 18.)  In opposition, Plaintiff

1   alleges, for the first time, that his termination is scheduled for March 2014 and is "preemptively

2   plead[ing] wrongful termination. (ECF No. 14 at 10.) In reply, Defendants argue dismissal is

3   still appropriate because Plaintiff's claim is not ripe for review. (ECF No. 16 at 8.) The Court

4   agrees with Defendants.

5        Article III of the United States Constitution limits the jurisdiction of federal courts to

6   "actual, ongoing cases or controversies." *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990).

7   One component of the Article III case-or-controversy requirement is the concept that a claim

8   must be ripe for review. *Bova v. City of Medford*, 564 F.3d 1093, 1095–96 (9th Cir. 2009).

9   "[R]ipeness addresses when litigation may occur." *Lee v. Oregon*, 107 F.3d 1382, 1387 (9th Cir.

10   1997) (emphasis in original). "A claim is not ripe for adjudication if it rests upon contingent

11   future events that may not occur as anticipated, or indeed may not occur at all." *Texas v. United*

12   *States*, 523 U.S. 296, 300 (1998) (internal quotation marks and citation omitted).

13        To state a claim for wrongful termination in violation of public policy, a plaintiff must

14   demonstrate that: (1) he was terminated; and (2) his dismissal violated a policy that is

15   fundamental, beneficial for the public, and embodied in a statute or constitutional provision.

16   *Turner v. Anheuser-Busch, Inc.*, 7 Cal. 4th 1238, 1256 (1994). A constructive discharge may

17   provide the basis for a wrongful termination claim in violation of public policy "when the

18   employer's conduct effectively forces an employee to resign." *Id*. at 1244.

19        Thus, in the instant case, Plaintiff's claim for wrongful termination in violation of public

20   policy will only be ripe for review once he stops working for T-Mobile. Given there is no

21   indication from the FAC that Plaintiff ever stopped working for T-Mobile and the Court cannot

22   speculate as to whether Plaintiff was terminated in March 2024, the Court finds Plaintiff's

23   wrongful termination claim is not yet constitutionally ripe for review.

24        Accordingly, the Court GRANTS Defendants' motion to dismiss Claim Six with leave to

25   amend.

26                    *iii.  Negligent Infliction of Emotional Distress*

27        In Claim Seven, Plaintiff alleges Defendants were negligent in how they handled his

28   request for religious accommodation based on T-Mobile's vaccination policy which ultimately

1    caused him severe emotional distress.  (ECF No. 8 at 11–12.)  Defendants move to dismiss

2    Plaintiff's NIED claim, arguing Plaintiff has only alleged Defendants engaged in intentional

3    conduct, not negligent conduct.  (ECF No. 11 at 19–20.)  The Court agrees with Defendants.

4         In California, NIED is not truly "an independent tort but the tort of negligence to which

5    the traditional elements of duty, breach of duty, causation, and damages apply."  *See Wong v.*

6    *Jing*, 189 Cal. App. 4th 1354, 1377 (2010).  Accordingly, to state a claim for NIED, Plaintiffs

7    must point to negligent conduct that fundamentally caused the emotional harm.  *Semore v. Pool*,

8    217 Cal. App. 3d 1087, 1105 (1990).  Intentional conduct cannot give rise to a negligence cause

9    of action, including NIED.  *McNaboe v. Safeway, Inc.*, No. 13-cv-04174-SI, 2016 WL 80553 at

10   *6 (N.D. Cal. Jan. 7, 2016) (dismissing NIED claim arising from allegedly wrongful

11   termination); *Semore,* 217 Cal. App. 3d at 1105.  In the context of employment decisions,

12   California courts have recognized that such decisions are inherently intentional.  *Cole v. Fair*

13   *Oaks Fire Protection Dist.*, 43 Cal. 3d 148, 160–61 (1987).

14        In the instant case, Plaintiff's allegations in his NIED claim are based solely on

15   Defendants alleged retaliatory demotion and planned termination of Plaintiff after Plaintiff

16   refused to comply with Defendants' COVID-19 vaccination policy.  (ECF No. 8 at 11–12.)

17   Because Defendants alleged wrongful demotion and planned termination of Plaintiff was

18   intentional, these allegations cannot support a claim of negligence.  *Miller v. Fairchild Indus.,*

19   *Inc.*, 797 F.2d 727, 738 (9th Cir. 1986) ("Evidence that [employer] intentionally retaliated

20   against them would preclude an assertion that this same intentional action constituted

21   negligence.").

22        Accordingly, the Court GRANTS Defendants' motion to dismiss Claim Seven with leave

23   to amend.  *See Molien*, 27 Cal.3d at 930 (holding that while retaliatory discharge was intentional,

24   other negligent conduct may give rise to emotional distress).

25                              *iv.   Punitive Damages*

26        Finally, Defendants move to dismiss Plaintiff's requests for punitive damages because

27   Plaintiff does not allege "any conduct constituting oppression, fraud, or malice."  (ECF No. 11 at

28   20.)  However, "punitive damages are but a remedy ... [they] provide no basis for dismissal under

1   [Rule] 12(b)(6)." *Oppenheimer v. Sw. Airlines Co.*, No. 13-260, 2013 WL 3149483, at *4 (S.D.

2   Cal. June 17, 2013); *see also Trull v. City of Lodi*, No. 2:23-cv-01177-TLN-CKD, 2024 WL

3   1344478, at *8 (E.D. Cal. Mar. 29, 2024) (denying motion to dismiss prayer for relief).  Thus,

4   district courts throughout the Ninth Circuit "have held that because a prayer for relief is a remedy

5   and not a claim, a Rule 12(b)(6) motion to dismiss for failure to state a claim is not a proper

6   vehicle to challenge a plaintiff's prayer for punitive damages, because Rule 12(b)(6) only

7   countenances dismissal for failure to state a claim." *Elias v. Navasartian*, No. 1:15-cv-01567-

8   LJO-GSA-PC, 2017 WL 1013122, at *4 (E.D. Cal. Feb. 17, 2017) (collecting cases); *see also*

9   *Kirchenberg v. Ainsworth, Pet Nutrition, Inc.*, No. 2:20-cv-00690-KJM-DMC, 2022 WL 172315,

10  at *6 (E.D. Cal. Jan. 19, 2022) (rejecting the defendants' argument that the plaintiff's "request for

11  punitive damages should be dismissed because [the plaintiff] does not allege oppression, fraud, or

12  malice by an officer, director, or managing agent," because a "Rule 12 (b)(6) motion to dismiss is

13  not the appropriate vehicle to challenge the sufficiency of a prayer for punitive damages")

14  (internal citations omitted).

15          Accordingly, the Court DENIES Defendants' motion to dismiss as to Plaintiff's request

16  for punitive damages.

17  ///

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

IV.   **CONCLUSION**

For the foregoing reasons, the Court GRANTS in part and DENIES in part Defendants' Motion to Dismiss (ECF No. 11) as follows:

1. The Court GRANTS Defendants' Motion to Dismiss as to Claims One through Seven with leave to amend; and

2. The Court DENIES Defendants' Motion to Dismiss as to Plaintiff's request for punitive damages.

Plaintiff may file an amended complaint not later than thirty (30) days from the electronic filing date of this Order.  Defendants shall file a responsive pleading not later than twenty-one (21) days from the electronic filing date of the amended complaint.  If Plaintiff choses not to file an amended complaint, the Court will dismiss this action with prejudice.

IT IS SO ORDERED.

Date: September 24, 2024

Troy L. Nunley
United States District Judge